UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINETTE COOPER, : | |
| 4544 North 18th Street : | |
| Philadelphia, PA 19140 : | |
|     Plaintiff, : | |
|    vs. : | CIVIL ACTION |
| : | |
| BROADSPIRE SERVICES, INC., : | |
| Formally Kemper Insurance Co., : | NO.: |
| 1717 ARCH STREET : | |
| PHILADELPHIA, PA 19103, : | JURY TRIAL DEMANDED |
| and : | |
| INDEPENDENCE BLUE CROSS : | |
| 1901 MARKET STREET : | |
| PHILADELPHIA, PA 19103 : | |
| and : | |
| CAROL KOPLOWITZ : | |
| 1717 ARCH STREET : | |
| PHILADELPHIA, PA 19103 : | |
|     Defendants. : | |
| : | |

**COMPLAINT**
**I. PARTIES AND JURISDICTION**

1.  Plaintiff Anntoinette Cooper (hereinafter referred to as "Plaintiff"), is a citizen of the Commonwealth of Pennsylvania, residing therein at the above address.

2.  Defendant, Independence Blue Cross (hereinafter referred to as "IBC"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with offices located at the above address.

3.  Defendant, Broadspire Services, Inc., formally Kemper Insurance Company (hereinafter referred to as "Broadspire"), is a national corporation and, at all times material hereto, third party administrator for IBC's employee short term disability plan, with offices located at the

1

above address.

4.     Defendant, Carol Koplowitz is, and was at all relevant times, employed by Broadspire Services, Inc. as an appeal coordinator.

5.     Jurisdiction is based upon 18 U.S.C. § 1964(c) under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* and 28 U.S.C. §§ 1331 and 1367.

6.     Venue is proper because Defendants Broadspire and IBC regularly conduct business activities within this judicial district, thereby subjecting themselves to this Court's personal jurisdiction pursuant to 28 U.S.C. § 1391.

## II. FACTS COMMON TO ALL COUNTS

7.     At all times material hereto, the Plaintiff was an employee of IBC.

8.     At all times material hereto, the Defendant IBC provided Plaintiff with a short term disability plan for a period of three weeks at 100% pay, and twenty-three weeks at 60% pay. This plan was self insured by the Defendant IBC and administrated by the Defendant Broadspire. (IBC Short Term Disability Plan in possession of Defendants).

9.     At all times material hereto, Plaintiff was a provider service representative with Defendant IBC and made approximately $500.00 per week.

10.    On August 12, 2003, Plaintiff was caused to stop working due to her diabetes, anxiety and depression.

11.    As a result of said illnesses, Plaintiff has been disabled from performing her normal work activities with IBC.

12.    Sometime in August, 2003, Plaintiff made a short term disability claim with Defendant, IBC due to the illnesses described above.

13.     Defendants IBC and Broadspire denied short term disability benefits on August 20, 2003 without just cause and arbitrarily and capriciously.

14.     Plaintiff Anntoinette Cooper, has timely provided Broadspire and IBC with a plethora of medical documentation supporting her continued short term disability claim, however, Broadspire has arbitrarily and capriciously denied Plaintiff's short term disability claim.

15.     Plaintiff has been diagnosed with Type II Diabetes, anxiety and depression.

16.     Plaintiff has been unable to work at IBC due to these illnesses from August 13, 2003 through the present.

17.     Defendants have arbitrarily and capriciously ignored the medical evidence provided to them concerning Plaintiff's disability claim.

18.     Defendants have also ignored records from its own designated hired company therapist to counsel its employees with psychological issues, including the Plaintiff herein.

19.     Defendants have never requested or had Plaintiff examined by an "IME" doctor.

20.     Defendants' conduct has caused Plaintiff's credit to be damaged and has caused financial harm to Plaintiff.

## CAUSES OF ACTION

## COUNT I

## CONTRACT OF INSURANCE–GROUP POLICY

21.     Plaintiff incorporates paragraphs 1 through 20 herein as though fully set forth at length.

22.     Plaintiff was insured and eligible for benefits under an employee benefit plan issued by Defendant IBC and was a third-party beneficiary of the contract between Defendant

Broadspire and Defendant IBC.

23. Defendant Broadspire's asserted grounds for denying Plaintiff short-term disability benefits are invalid as a matter of law and have no basis in the written plan terms.

24. Defendant Broadspire's asserted grounds for denying disability insurance benefits are without factual basis.

25. Under the Policy, Plaintiff is entitled to short term disability benefits beginning from on or about August 13, 2003.

26. Plaintiff avers that at all times, she has fulfilled the definition of disability and any and all requisite proof of same has been offered to Defendant , who has wrongfully and in violation of the terms of the Short Term Disability Group plan refused to make any payments to Plaintiff from on or about August 13, 2003 through the present.

27. Plaintiff has performed all the conditions pursuant to the plan.

28. Under the terms of the plan, Defendant IBC is liable to Plaintiff for a period of three weeks at 100% pay, and twenty-three weeks at 60% pay from on or about August 13, 2003 through February 13, 2004, which amount plus interest and costs are due and payable as a result of Defendant's failure to pay short-term disability benefits under the plan.

WHEREFORE, Plaintiff demands judgment against both Defendants for short term disability benefits in the amount of $8,400.00, together with attorney fees, compensatory damages, interest and costs, in an amount not in excess of $75,000.

## COUNT II

## FEDERAL RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ("RICO") ACT

29. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth at length herein.

30. 18 U.S.C. § 1962(c) defines the activities prohibited under RICO, in pertinent part:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

31. The pattern of racketeering activity in which the defendant engaged and conspired to engage includes, but is not limited to, the following predicate acts in violation of 18 U.S.C. §§ 1961(1)(B), § 1341 (mail fraud) and § 1343 (wire fraud).

32. Defendants knowingly used the interstate mails and the wires to further their scheme, including, but not limited to, the following acts:

   a. Numerous telephone calls were made by defendants to the plaintiff between August, 2003 and December, 2003 in furtherance of the defendants' scheme to defraud plaintiff of her short term disability benefits to which she was entitled.

   b. By letter dated August 29, 2003 and sent through the United States interstate mail system, the defendants continued in their scheme to defraud plaintiff of her short term disability benefits through a determination made without regard to the competent medical evidence or their roles as fiduciaries under her policy of insurance and for their own pecuniary benefit.

   c. By letter dated December 23, 2003 and sent through the United States interstate mail system, the defendants continued in their scheme to defraud plaintiff of her short term disability benefits through a

determination to uphold their denial of plaintiff's short term disability benefits made without regard to the competent medical evidence or their roles as fiduciaries under her policy of insurance and for their own pecuniary benefit.

33. The defendant pursued their scheme through material misrepresentations or material omissions and nondisclosures relating to their decision not to honor the terms and conditions of short-term disability plan that they issued and continue to issue to plaintiff and insureds similarly situated, including but not limited to, all of the allegations set forth above as summarized below:

    a. Defendants failed to disclose to policyholders and insureds that non-medical employees would make and/or supervise the making of disability determinations.

    b. Defendants failed to disclose to policyholders and insureds that they would convene meetings at which certain claims for disability would be targeted in order to meet the goals of reducing insurance reserves.

    c. Defendants failed to disclose or misrepresented their role as administrators of the disability plan and that they would not be acting principally as fiduciaries of the insureds.

    d. Defendants acted out of an extreme self-interest in reviewing the claims of the beneficiaries of the short-term disability plan.

34. As a result of these violations of 18 U.S.C. §§ 1962(c), 1341, and 1343, plaintiff has suffered and will continue to suffer substantial injury to her property and person.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

    a. Finding that the acts and omissions of defendants constitute violations of the predicate acts of wire fraud and mail fraud, and a pattern of racketeering in violation of the RICO Act;

    b.    Awarding plaintiff treble actual and compensatory damages pursuant to 18 U.S.C. § 1964(c), with pre-judgment interest;

    c.    Awarding all costs and attorneys fees incurred by plaintiff in bringing this action; and

    d.    Granting such other and further relief as this Court deems just and appropriate.

## COUNT III

## FEDERAL RICO CONSPIRACY

35.    Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth at length herein.

36.    18 U.S.C. § 1962(d) sets forth that it shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of that section of the RICO Act.

37.    Defendants have conspired to violate 18 U.S.C. § 1962(c), and as a result of these violations of 18 U.S.C. § 1962(d), plaintiff has suffered and will continue to suffer substantial injury to her property.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

    a.    Finding that the acts and omissions of defendants constitute a conspiracy to violate the RICO Act;

    b.    Awarding plaintiff treble actual and compensatory damages pursuant to 18 U.S.C. § 1964(c), with pre-judgment interest;

    c.    Awarding all costs and attorneys fees incurred by plaintiff in bringing this action; and

     d.     Granting such other and further relief as this Court deems just and appropriate.

                           Hbs/240
                           HOWARD B. SEGAL, ESQ.
                           Attorney for Plaintiff,
                           Anntoinette Cooper